## JAMES M. MOORE AND RAYMOND JENKINS, APPEL-LANTS, v. MICHAEL McMAHON, RESPONDENT.

*The Court cannot release a defendant held under an execution, because of his inability to endure imprisonment — Code, § 302 — is only applicable to one confined for a contempt — to what diseases it is applicable.*

The court has no power to release a defendant held under an execution against his person, because of his inability to endure the imprisonment.

Section 302 of the Code authorizing the release of a person committed for a contempt, in case of his inability "to endure the imprisonment," is not applicable to one who is suffering from a malarial fever, but only to one suffering from a disease in the nature of a slow wasting, a steady diminution of the vital forces, tending, unless arrested by sunlight, open air, proper exercise, or the enjoyment of freedom, to a complete destruction of his constitution, and, as a not remote consequence, death.

APPEAL from an order discharging the defendant from custody under an execution against the person, in consequence of his ill health.

The affidavit presented by the defendant showed, among other things, "that he is totally without the means to pay the debt for which he was arrested and is confined in prison, and has no property of any kind whatever, having lost all his means by unsuccessful business ; that he is unable to perform the act of payment of the said debt for which he was arrested, and is unable to endure the imprisonment, as his health is being injured by close confinement.

" Wherefore, he prays the mercy of the court that he may be discharged from imprisonment on such terms as may be just."

The following certificate was also used upon the motion :

" NEW YORK COUNTY JAIL, *September* 1, 1879.

" This is to certify that I have examined Michael McMahon, a prisoner, confined in this jail, and find him suffering with malarial fever, and further incarceration is detrimental to his health."

" THOMAS F. O'BRIEN, M. D.,

" *Physician to the Jail.*"

*George Willcox*, for the appellants.

*George S. Wilks*, for the respondent.

BARRETT, J. :

There is no inherent power in the court to release a defendant merely as a matter of grace or mercy. There was none at common law. It is said that where there is no statutory power the party can only be released by special act of the Legislature. (4 Wait's Pr., 195, citing *Van Wezel* v. *Van Wezel*, 3 Paige, 38.) There would seem to be no authority to release a prisoner held under an execution against the person because of his inability to endure his imprisonment. The Code, section 302, refers specifically to contempts in proceedings supplementary to execution, or under the act to abolish imprisonment for debt. The only method provided by law for the release of a defendant charged in execution is that specified in the Revised Statutes. (2 R. S., 31.)

We may add that, even if there were power, no case whatever was made for its exercise. All that the physician says is that the prisoner has a malarial fever and that incarceration is detrimental to his health. Confinement usually is detrimental to health, and malarial fevers, whether suffered in or out of jail, are undoubtedly severe.

But that is not what is meant, even in section 302, by inability to endure the imprisonment. The statute contemplates something in the nature of a slow wasting, a steady diminution of the vital forces, tending, unless arrested by sunlight, open air, proper exer-

cise and the enjoyment of freedom, to a complete destruction of the constitution, and, as a not remote consequence, death.

The order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BARRETT, J.

Order reversed, with ten dollars costs and disbursements; motion denied, with ten dollars costs; order to be settled by BARRETT, J.